UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIX HERNANDEZ CRISTOBAL,<br><br>Defendant. | Case No. 5:11-cr-00355-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**<br><br>Re: Dkt. No. 348 |

Defendant Felix Hernandez Cristobal's ("Defendant" or "Mr. Cristobal") Motion for a Bill of Particulars came on for hearing on June 15, 2015. <u>See</u> Docket Item Nos. 348, 421. The Court, having heard the arguments of counsel and having considered the pleadings filed by both parties, DENIES Defendant's motion for the reasons explained below.

**I.   BACKGROUND**

Defendant is charged in a Second Superseding Indictment returned on March 18, 2014, with the following counts: (1) Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d) ("Count 1"); (2) Conspiracy to Commit Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5) ("Count 2"); (3) Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(6) ("Count 3"); (4) Use/Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) and 2 ("Count 4"); and (4) Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii) ("Count 17"). Apart from Defendant, approximately twenty-three others are charged with similar violations in the Second Superseding Indictment.

The main counts against Defendant arise from his alleged participation in or association

1
Case No.: 5:11-cr-00355-EJD
ORDER DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

with a Sureño street gang known as "SSP." In the instant motion, Defendant makes requests for additional information as to each count asserted against him. These requests are largely similar with some minor variation. Specifically, Defendant requests the following:

- When did Mr. Cristobal become a member of the conspiracy charged in Count(s) 1, 2, 3, 17? What was the exact language, word, or words used by Mr. Cristobal which indicated, or tended to indicate, that he willfully and knowingly agreed to commit the racketeering activity alleged to be pertinent to the conspiracy charged in Count 1, (that he willfully and knowingly agreed to commit the crimes charged in Count(s) 2, 3, and 17) of the Second Superseding Indictment? As to Count 4, he asks the Government to state when he personally used or possessed a firearm in furtherance of a crime of violence as alleged and who witnessed this conduct, and, if the Government is charging him with aiding and abetting the commission of the conduct charged in Count 4, he asks for the specific nature of the acts, the names and addresses of the persons whom he aided and abetted, the location where these acts allegedly occurred, and the dates of each act.

- As to the acts specifically enumerated in the Second Superseding Indictment (pp.11-12 - Overt Acts, 22(ff), 22(gg), 22(hh) and 22(jj)) please state the specific place the acts that took place, and statements made, and by whom, in support of any criminal conduct discussed or committed and who was present. In addition, please state what Mr. Cristobal said or did at the time each act took place to indicate that he willfully and knowingly agreed to participate and support any criminal conduct discussed or committed. As to Count 17, the time, date, and place of the first act he allegedly committed in furtherance of the conspiracy?

- Other than acts specifically enumerated in the Second Superseding Indictment (pp.11-12 - Overt Acts, 22(ff), 22(gg), 22(hh) and 22(jj)), did Mr. Cristobal commit any other acts or make statements in furtherance of the purpose of the conspiracy as defined in the Second Superseding Indictment at paragraph 15, pp. 5-6 of the Second Superseding Indictment? If so, please state the specific places where Mr. Cristobal committed such acts and or the

1  statements made. As to Count 17, the time, date and place of the last act he allegedly
2  committed in furtherance of the conspiracy charged in Count 17?

- The Second Superseding Indictment specifically charges in paragraphs 19-22 (pp. 7-13) the Manner and Means of the conspiracy as well as the Overt Acts committed to effect the objectives of the conspiracy. As to Mr. Cristobal, what role did he play in the conspiracy? Did he participate in the conduct of SSP through any acts other than those enumerated in paragraphs 22(ff), 22(gg), 22(hh) and 22(jj) of the Second Superseding Indictment? As to Count 17, the identity of any other acts or statements made in furtherance of the purpose of the conspiracy.

- As to Mr. Cristobal, please state the time, date, and place of the first and last act he allegedly committed in furtherance of the conspiracy charged in Count 1, and the last act he committed for Counts 2 and 3.

- As to Mr. Cristobal, if the Government is charging him with aiding and abetting the commission of the conspiracy charged in Count(s) 1, 2, 3 and 17 of the Second Superseding Indictment, please state the specific nature of the acts, the names and addresses of the persons whom Mr. Cristobal aided and abetted, the place where these acts allegedly occurred, and the dates of each act.

- Count 1 of the Second Superseding Indictment names numerous defendants as co-conspirators and appears to have left blank the names of other co-conspirators both in paragraphs 16 and 22 (wherein Overt Acts are alleged), paragraph 22 of Counts 2 and 3, and paragraph 54 as to Count 17. As to each indicted co-conspirator please state: (i) The exact language, word or words allegedly used by the him which indicated or tended to indicate, that he willfully and knowingly agreed to commit the racketeering activity alleged to be pertinent to the conspiracy charged in Count(s) 1, 2,3 and 17 of the Second Superseding Indictment. (ii) The dates upon which he allegedly committed any specific act of racketeering activity alleged to be pertinent to the conspiracy charged in Counts 1, 2, 3 and 17 of the Second Superseding Indictment. (iii)The places where he allegedly

committed any specific act of racketeering activity alleged to be pertinent to the conspiracy charged in Count(s) 1, 2, 3 and 17 of the Second Superseding Indictment. (iv) The names and addresses of each person or persons present or listening when he committed any specific act of racketeering activity alleged to be pertinent to the conspiracy charged in Count(s) 1, 2, 3 and 17 of the Second Superseding Indictment. (v) The nature of the act, and the date, time and place of said act, by which he first manifested that he or she was part of the conspiracy alleged in Count(s) 1, 2, 3 and 17 of the Second Superseding Indictment. In other words, what is the first act he is accused of committing in furtherance of the said conspiracy? (vi) The time, date and place of the last act he is charged with having committed in furtherance of the conspiracy in Count(s) 1, 2, 3 and 17. (vii) Whether the Government is charging him with aiding and abetting in the commission of any specific act of racketeering activity alleged to be pertinent to the conspiracy charged in Count(s) 1, 2 and 3 of the Second Superseding Indictment, and if so, the specific nature of the act(s), the names and addresses of the person(s) whom he aided and abetted, the place where these acts allegedly occurred, and the dates of each act. (viii) The names of unindicted but identified co-conspirators, including those whose names may have become known since the return of the Second Superseding Indictment, or the names of other persons who the government deleted or omitted from the Second Superseding Indictment.

## II.   LEGAL STANDARD

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars." A bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense and is "designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984). The decision to require a bill of particulars is within a trial court's discretion, which is broad under these circumstances. Long, 706 F.2d at 1054; Will v. United States, 389 U.S. 90, 99 (1967).

The Ninth Circuit has held that when deciding whether to order a bill of particulars, "a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." Id. However, "[a] defendant is not entitled to know all the [e]vidence the government intends to produce." United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979) (internal citations omitted). The purposes of a bill of particulars are served when "the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." Mitchell, 744 F.2d at 705.

No requirement exists in conspiracy cases for the Government to "disclose even all the overt acts in furtherance of the conspiracy." Giese, 597 F.2d. at 1180 (citing United States v. Murray, 527 F.2d 401, 411 (5th Cir. 1976)); see United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975); see also United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975). Further, the Government "is not required to furnish the name[s] of all other co-conspirators in the bill of particulars." See United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

### III. DISCUSSION

At the hearing, the Government argued that Defendant possessed sufficient information to prepare a defense and avoid surprise at trial. To that end, the Government noted it had previously released substantial discovery to Defendant and was continuing to release additional discovery subsequent to the filing of the Second Superseding Indictment. This continuing discovery included transcripts of recordings of meetings of alleged SSP members and drug transactions involving defendants. The Government further noted that page 33 of the Second Superseding Indictment provides both a detailed description of the charges against Defendant, including overt acts alleged, and sufficient information for Defendant to prepare a defense and avoid surprise at trial. In addition, the Government cited to pages 2 through 13 of the Second Superseding Indictment, which it contends describes in detail the background of the charges and the organization, the Racketeering Enterprise and Conspiracy, the Manner and Means of the Conspiracy and the Overt Acts of the defendants.

For this part, Defendant recognized that he had received substantial discovery and

acknowledged that the Government continues to provide information.  However, Defendant argues that the information provided to date is insufficient to provide him notice of his criminal liability as to the charges alleged against him.  Defendant's argument appears to be based on his opinion concerning the quality of the evidence against him.

As to the Defendant's requests related to Counts 1, 2, 3 and 17, the Court finds the requests overbroad and outside of what can be provided by a bill of particulars.   Indeed, Defendant is not entitled to the exact dates on which he or other alleged conspirators became members of the conspiracy or left the conspiracy because these details are not generally within the Government's knowledge.  United States v. Diaz, No. CR 05-00167 WHA, 2006 WL 1833081, at *3 (N.D. Cal. June 30, 2006) (citing Rubio v. United States, 22 F.2d 766, 767-68 (9th Cir. 1927)).  This same logic applies to Defendant's request for the date, time, location, exact words or language used, and any first and last act in furtherance of a conspiracy, as well as to his request for the Government's knowledge of anyone who may have heard Defendant's statements.

As to Defendant's requests regarding Count 4, the Court finds the Second Superseding Indictment sufficiently informs Defendant of the conspiracies involved and the participation and conduct related to the charges.

As to Defendant's request for the names of unindicted but identified co-conspirators, including those whose names may have become known since the return to the Second Superseding Indictment, and for the names of other persons who the Government deleted or omitted from the Second Superseding Indictment, the Court finds that such information does fall within the purview of discovery.  It is also potential Brady material.  This information, however, does not need to be specified through a bill of particulars.

Ultimately, the Second Superseding Indictment sufficiently informs Defendant as to the nature of the charges against him, including the conspiracy and overt acts alleged, such that he can prepare a defense and not be surprised at trial.  Accordingly, Defendant's motion will be denied.

**IV.   ORDER**

Defendant's Motion for a Bill of Particulars as to Counts 1, 2, 3, 4 and 17 (Docket Item

1  No. 348) is DENIED.

3  **IT IS SO ORDERED.**

4  Dated: July 8, 2015

EDWARD J. DAVILA
United States District Judge